IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES GREEN,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS DART, SHERIFF, et. al,<br><br>Defendants. | Case No. 20-cv-1459<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff James Green, a prisoner at Cook County Department of Corrections, alleges that despite his requests for accommodation, Defendants have not allowed him to use his CPAP machine for his sleep apnea in violation of his rights under the Americans with Disabilities Act (ADA). Sheriff Thomas Dart and Cook County (Defendants) have moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the Court denies the Rule 12(b)(6) motions [11] and [30].

I. Background

Green was processed into the Cook County Department of Corrections (CCDOC) on June 23, 2016. (Complaint, Dkt. 1 ¶ 2).[1] Green suffers from sleep apnea, a condition which substantially limits his ability to sleep. (*Id*. ¶ 5). In 2018 medical providers employed by Cook County informed Green that he must use a CPAP

---

[1] The Court permitted Green to file a Supplement (Dkt. 29) to his original complaint (Dkt. 1). Based on the supplemental filing, Defendants were permitted to supplement their motion to dismiss. (*see* Dkt. 28).

1

permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

**III. Analysis**

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Defendants argue that dismissal with prejudice is warranted because Green is not a qualified individual with a disability, has not been denied a program, service or activity, does not allege any physical injury for purposes of the Prisoner Litigation Reform Act (PLRA), and is not entitled to injunctive relief. The Court addresses each argument in turn.

### A. Qualified individual with a disability

Defendants first contend that Green failed to allege that he is a qualified individual with a disability. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3))." 42 U.S.C. § 12102(1).

Defendants acknowledge that sleeping is a major life activity[3] but argue that sleep apnea is not a disability under the ADA. To support their argument, Defendants rely on out-of-circuit summary judgment cases that did not involve sleep apnea. *Anderson v. Discovery Commc'ns, LLC*, 517 F. App'x 190 (4th Cir. 2013), as amended (May 3, 2013); *Ramage v. Rescot Sys. Grp., Inc.*, 834 F. Supp. 2d 309 (E.D. Pa. 2011) (plaintiff did not provide enough evidence that her difficulties sleeping showed substantial limitation in sleeping).[4] Moreover, in *Ramage*, the court cited *Peter v. Lincoln Tech.*

---

[3] Major life activities are "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." 29 C.F.R. § 1630.2.

[4] In their motion, supplemental motion and reply brief, Defendants maintain that sleep apnea is not a disability under the ADA. Even assuming the cases cited (*see* Dkt. 25 at 3) are binding on this court, which they are not, they do not require dismissal here. In *Kolecyck-Yap v. MCI Worldcom, Inc.*, 2001 WL 245531 (N.D. Ill. Mar. 12, 2001), the court recognized that sleep apnea can substantially limit major life activities of breathing and sleep but on summary judgment in that case, plaintiff did not provide enough evidence to show a substantial limitation. *Keyes v. Catholic Charities of the Archdiocese of Philadelphia*, 415 F. App'x 405 (3d Cir. 2011) was decided on summary judgment and the court found that the evidence did not support plaintiff's claim that his sleep apnea symptoms were severe. Finally, notably, plaintiff in *Ramage* did *not* have sleep apnea. And the *Ramage* court did *not* find as a matter of law that sleep apnea is not a disability under the ADA. Rather, the court, on review of the record, did not find evidence supporting plaintiff's claim that her difficulty sleeping was severe enough to substantially impair her ability to sleep. 834 F. Supp. 2d at 320-21.

4

*Inst., Inc.*, 255 F. Supp. 2d 417 (E.D. Pa. 2002) in which the court found plaintiff *did* create an issue of fact about whether her sleep apnea substantially impaired her ability sleep, and recognized that the "ADA requires an individualized, case-by-case approach to evaluating whether a plaintiff's impairment is severe enough to constitute a disability." *Id*. at 431, 434. The Seventh Circuit has similarly stated that the question of whether an individual is disabled is "an individualized one, and must be determined on a case-by-case basis." *DePaoli v. Abbott Labs*., 140 F.3d 668, 672 (7th Cir. 1998) (internal citation and quotations omitted); *see also* 29 C.F.R. § 1630.2(j) ("The determination of whether an impairment substantially limits a major life activity requires an individualized assessment"). The Seventh Circuit also acknowledged, in a Section 1983 case, that "sleep apnea can result in death." *Orlowski v. Milwaukee Cty.*, 872 F.3d 417, 423 (7th Cir. 2017).

Accordingly, Green has plausibly alleged that he is qualified individual with a disability, and further factual development will reveal the extent to which his condition limits one or more major life activities.[5] Therefore the Court declines Defendants' invitation to find as a matter of law at this early stage that Green's sleep apnea does not qualify him as an individual with a disability.

### B. Denial of the benefit of a service, program, or activity

Defendants argue that Green's complaint should be dismissed because sleeping is not a program or activity of the public entity under the ADA. Defendants rely on *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996). However, courts in this district have

---

[5] For this reason, the Court need not address Defendants' alternative argument at this time that Green is not "regarded as" having such an impairment.

5

distinguished that case. In *Simmons v. Godinez*, 2017 WL 3568408 (N.D. Ill. Aug. 16, 2017), the court relied on *United States v. Georgia*, 546 U.S. 151 (2006), which was decided after *Bryant* and in which the Supreme Court explained that "the alleged deliberate refusal of prison officials to accommodate [plaintiff's] disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted 'exclu[sion] from participation in or ... deni[al of] the benefits of' the prison's 'services, programs, or activities.'" 546 U.S. at 157. In *Simmons,* the court rejected IDOC's argument that sleeping is not an activity or program under the ADA or Rehabilitation Act, and held that "[b]ecause Plaintiff sufficiently alleges that Wexford and IDOC failed to take steps that would allow Plaintiff to access a bed…the Court finds that Plaintiff has stated a plausible claim under the ADA and Rehabilitation Act at this early stage." *Simmons*, 2017 WL 3568408, at *6.

In another case, *Paine ex re. Eilman v. Johnson*, 2010 WL 785397, at *8 (N.D. Ill. Feb. 26, 2010), the court noted that the *Bryant* plaintiffs alleged poor treatment or medical malpractice, *not* failure to reasonably accommodate, and "[v]iolations of a public entity's duty to accommodate disabilities can provide a basis for liability under Title II of the ADA." Moreover, since *Bryant*, the Seventh Circuit has recognized, for example, outdoor recreation and meals and showers as programs or activities at a prison under the Rehabilitation Act. *Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012).[6]

---

[6] In addition, Defendants' reliance on *Harper v. Dart* for support is not convincing. First, *Harper* did not involve sleep apnea. Second, the *Harper* court was clear that plaintiff there

6

Defendants assert that Green does not claim that they have prevented him from sleeping during the designated time that all detainees are permitted to sleep. (Dkt. 30 at 3). But Green's claim is not about being permitted a "designated time" to sleep; it is about not being able to sleep because Defendants failed to provide him with a needed accommodation. He alleges that "without the CPAP machine, [he] is unable to sleep on a basis equal to that of non-disabled inmates. Plaintiff experiences shortness of breath and gags during times he attempts to sleep because defendants do not provide a CPAP machine." (Suppl. Compl. ¶2).

Here, unlike in *Bryant*, Green does not bring a disguised medical malpractice or inadequate medical treatment case. Rather he alleges a failure to accommodate his sleep-related disability, giving rise to the permissible inference that such failure constituted a denial of the benefits of the prison's services, programs, or activities. That is sufficient at this pleading stage.

### C. By reason of his disability

Defendants next argue that Green fails to plead denial or discrimination by reason of his alleged disability because he does not allege why Defendants removed his CPAP

---

"[came] close, but fail[ed], to state a claim under the ADA and the Rehabilitation Act" and "it would not have taken much to adequately allege a failure to provide equal access." 2015 WL 6407577, at *4 (N.D. Ill. Oct. 21, 2015). Because plaintiff there merely alleged he had "'great difficulty' showering, toileting, and getting into bed", the court found "[t]hose two words alone do not explain how [plaintiff] was denied equal access." *Id*. Here Green's complaint alleges more than that. He alleges that medical providers told him he *must use* a CPAP machine when sleeping. (Compl. ¶6). When he sleeps without the benefit of the CPAP machine he gags and experiences shortness of breath. (*Id*. ¶8). The CPAP machine was taken away by Defendants, and as a result Green experiences shortness of breath and gags during times he attempts to sleep, making him unable to sleep on a basis equal to that of non-disabled inmates. (Suppl. Compl. ¶¶1-2). These allegations meet the threshold pleading requirement.

7

machine. First, Defendants' cases are not convincing because they involve deliberate indifference claims decided on summary judgment. *See Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997); *Harrison v. Cty. of Cook*, 2011 WL 4036115 (N.D. Ill. Sept. 12, 2011). (Defendants also cite to *Bryant* and *Harper* again but those cases are distinguishable for the reasons already discussed). Second, although Defendants may have had a good reason for removing the CPAP machine, at the pleading stage, the Court takes Green's allegations as true that he was denied accommodation for his disability and as a result was unable to sleep on a basis equal to that of non-disabled inmates. (Compl. ¶¶ 8, 10; Suppl. Compl. ¶¶1-2). Deciding or accepting Defendants' reason for removing the machine at this stage would be inappropriate. *See Fortres Grand,* 763 F.3d at 700; *see also Boyce v. Martella*, 2014 WL 4947681, at *3 (N.D. Ill. Oct. 1, 2014) (court cannot resolve factual disputes on motion to dismiss).

### D. Prisoner Litigation Reform Act (PLRA)

Defendants contend that Green does not meet the PLRA standard for a more than *de minimus* physical injury because Green merely alleges that sleeping without a CPAP machine causes him shortness of breath and gagging which are not physical injuries. However the plausible inference from Green's complaint is that he is unable to sleep without the machine. And the case law cited by Defendants does not support their specific contention here. By contrast, in *Love v. Godinez*, 2018 WL 2096375, at *4 (N.D. Ill. May 7, 2018), for example, the court held that plaintiff set forth a sufficient showing on summary judgment that he suffered a physical injury from sleep deprivation for purposes of the PLRA. And in *Gurley v. Sheahan*, 2009 WL

8

2178685 (N.D. Ill. July 21, 2009), the court explained that it could "think of no reason why sleep deprivation and headaches would not constitute physical injury." *Id*. at *7. *See also Orlowski*, 872 F.3d at 423 (recognizing sleep apnea can result in death).

Accordingly Green's allegations give rise to a plausible inference that he suffered *de minimus* physical injury in order to survive Defendants' motion to dismiss.

### E. Injunctive Relief

Finally, Defendants argue that Green fails to state facts sufficient to entitle him to injunctive relief. Defendants contend that "[a]nything can interrupt someone's nightly sleep" and so Green does not have a concrete, particularized, or actual injury. (Dkt. 30 at 7). However, drawing permissible inferences in Green's favor as it must at this point, the Court finds that Green has plausibly alleged injury: without the CPAP machine, his sleep-related condition causes him to have shortness of breath, gagging, and inability to sleep. For similar reasons to the reasoning discussed related to *de minimus* physical injury, Green has made a sufficient showing of injury at this pleading stage.

### IV. Conclusion

For the stated reasons, Defendants' motions to dismiss [11, 30] are denied.

E N T E R:

Dated: December 10, 2020

_____
MARY M. ROWLAND
United States District Judge

9